1  CHARLENE M. MORROW (CSB No. 136411)
   cmorrow@fenwick.com
2  DAVID L. HAYES (CSB No. 122894)
   dhayes@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center
4  801 California Street
   Mountain View, CA  94041
5  Telephone:     650.988.8500
   Facsimile:     650.938.5200
6
   Attorneys for PLAINTIFF
7  NUTANIX, INC.

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN JOSE DIVISION
11

12
   NUTANIX, INC.,                          Case No.:_____
13
              Plaintiff,                   **COMPLAINT FOR**
14                                         **DECLARATORY JUDGMENT OF**
        v.                                 **NON-INFRINGEMENT**
15
   UNILOC USA, INC. and UNILOC             **DEMAND FOR JURY TRIAL**
16 LUXEMBOURG, S.A.,

17            Defendants.

18

19     1.      Plaintiff Nutanix, Inc. ("Nutanix") hereby alleges as follows for this complaint

20 against Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc"):

21                                  **THE PARTIES**

22     2.      Plaintiff Nutanix is a corporation organized under the laws of Delaware, with its

23 headquarters at 1740 Technology Drive, Suite 150, San Jose, California 95110.

24     3.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place

25 of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024.

26     4.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited

27 liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-

28

2540, Luxembourg (R.C.S. Luxembourg B159161).

## JURISDICTION AND VENUE

5. This action is based on the patent laws of the United States, Title 35 of the United States Code, § 1 et. seq., with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Nutanix and Uniloc that requires a declaration of rights by this Court.

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Uniloc USA. Uniloc USA is engaged primarily in the business of patent licensing. It financed the patent licensing and assertion campaign at issue in this case at least in part with funding from a company located in the Northern District of California. In addition, Uniloc USA has at least thirty-three patent licensees in this District. Uniloc USA has further engaged in extensive settlement and licensing negotiations with entities based in this District.

8. This Court also has personal jurisdiction over Uniloc Luxembourg. Uniloc Luxembourg, along with Uniloc USA, is primarily engaged in the business of patent licensing. Uniloc Luxembourg also financed the patent-licensing and assertion campaign at issue in this case at least in part with funding from a company located in the Northern District of California. In addition, Uniloc Luxembourg has at least thirty-three patent licensees in this District. Uniloc Luxembourg has further engaged in extensive settlement and licensing negotiations with entities based in this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because Uniloc USA resides in this district, and Uniloc Luxembourg is an alien entity and therefore subject to suit in any district.

## INTRADISTRICT ASSIGNMENT

10. This is an intellectual property action subject to district-wide assignment pursuant to Local Rule 3-2(c) and 3-5(b).

COMPLAINT FOR DECLARATORY JUDGMENT              2                        Case No.

## FACTUAL BACKGROUND

11. Nutanix is a leader in enterprise cloud computing and provides a cloud platform that leverages web-scale engineering and consumer-grade design to natively converge compute, virtualization and storage into a resilient, software-defined solution.

12. Uniloc is a patent-licensing company that neither makes nor sells any products or services.

13. Uniloc Luxembourg purports to be the owner, by assignment, of U.S. Patent No. 6,324,578 ("the '578 patent"), entitled "Methods, Systems and Computer Program Products for Management of Configurable Application Programs on a Network."

14. Uniloc USA purports to be the exclusive licensee of the '578 patent.

15. Uniloc Luxembourg purports to be the owner, by assignment, of U.S. Patent No. 7,069,293 ("the '293 patent"), entitled "Methods, Systems and Computer Program Products for Distribution of Application Programs to a Target Station on a Network."

16. Uniloc USA purports to be the exclusive licensee of the '293 patent.

17. Uniloc Luxembourg purports to be the owner, by assignment, of U.S. Patent No. 6,510,466 ("the '466 patent"), entitled "Methods, Systems and Computer Program Products for Centralized Management of Application Programs on a Network."

18. Uniloc USA purports to be the exclusive licensee of the '466 patent.

19. Uniloc Luxembourg purports to be the owner, by assignment, of U.S. Patent No. 6,728,766 ("the '766 patent"), entitled "Methods, Systems and Computer Program Products for License Use Management on a Network."

20. Uniloc USA purports to be the exclusive licensee of the '766 patent.

21. Uniloc Luxembourg purports to be the owner, by assignment, of U.S. Patent No. 6,110,228 ("the '228 patent"), entitled "Method and Apparatus for Software Maintenance at Remote Nodes."

22. Uniloc USA purports to be the exclusive licensee of the '228 patent.

23. Collectively, the '578 patent, the '293 patent, the '466 patent, the '766 patent, and the '228 patent, will be referred to as the "patents-in-suit."

COMPLAINT FOR DECLARATORY JUDGMENT                     3                     Case No.

24. On October 24, 2016, Uniloc filed suit against Nutanix alleging infringement of the '578 patent, the '293 patent, the '466 patent, and the '766 patent in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Tex.). That case was consolidated for pre-trial purposes with *Uniloc, USA, Inc., et. al., v. Netsuite, Inc.*, Case No. 2:16-cv-00862-RWS (E.D. Tex). Nutanix moved to dismissed Uniloc's complaint for failure to state a claim and for improper venue. *Id.* at Dkt. No. 39. That motion is currently pending.

25. On March 6, 2017, Uniloc filed suit against Nutanix alleging infringement of the '228 patent in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:17-cv-00174-JRG (E.D. Tex.). That case is currently pending.

26. Section 1400(b) of Title 35 states that "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

27. On May 22, 2017, the Supreme Court of the United States announced its decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16-341 (Slip op. May 22, 2017), holding that "[a]s applied to domestic corporations, 'reside[nce]' in [28 U.S.C.] § 1400(b) refers only to the State of incorporation." *Id.* at 10.

28. Nutanix is not incorporated in the State of Texas, and does not have a regular and established place of business in the Eastern District of Texas. Consequently, venue is improper in the Eastern District of Texas in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Tex.) and *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:17-cv-00174-JRG (E.D. Tex.).

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment of Non-Infringement of the '578 Patent)**

29. Nutanix incorporates by reference its allegations contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Uniloc alleges in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Tex.), that Nutanix infringes one or more claims of the '578 patent. Nutanix incorporates by reference the content of that Complaint, which is facially deficient, in that it fails

to articulate a factual basis for Uniloc's infringement contentions. Among other things, it does not even purport to map the Nutanix products to all elements of any asserted claim.

31. Nutanix asserts that it does not infringe or contribute to any infringement of any claim of the '578 patent either literally or under the doctrine of equivalents. Nutanix further asserts that it has not and does not induce any infringement of any claim of the '578 patent.

32. Therefore, there exists a substantial controversy between Nutanix and Uniloc, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Nutanix has not infringed any claim of the '578 patent.

33. An actual and justiciable controversy exists regarding the alleged infringement of the '578 patent by Nutanix. Nutanix accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '578 patent.

34. A judicial declaration is necessary and appropriate so that Nutanix may ascertain its rights regarding the '578 patent.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '293 Patent)**

35. Nutanix incorporates by reference its allegations contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

36. Uniloc alleges in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Tex.) that Nutanix infringes one or more claims of the '293 patent. Nutanix incorporates by reference the content of that Complaint, which is facially deficient, in that it fails to articulate a factual basis for Uniloc's infringement contentions. Among other things, it does not even purport to map the Nutanix products to all elements of any asserted claim.

37. Nutanix asserts that it does not infringe or contribute to any infringement of any claim of the '293 patent either literally or under the doctrine of equivalents. Nutanix further asserts that it has not and does not induce any infringement of any claim of the '293 patent.

38. Therefore, there exists a substantial controversy between Nutanix and Uniloc, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Nutanix has not infringed any claim of the '293 patent.

39. An actual and justiciable controversy exists regarding the alleged infringement of the '293 patent by Nutanix. Nutanix accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '293 patent.

40. A judicial declaration is necessary and appropriate so that Nutanix may ascertain its rights regarding the '293 patent.

## THIRD CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '466 Patent)**

41. Nutanix incorporates by reference its allegations contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

42. Uniloc alleges in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Tex.) that Nutanix infringes one or more claims of the '466 patent. Nutanix incorporates by reference the content of that Complaint, which is facially deficient, in that it fails to articulate a factual basis for Uniloc's infringement contentions. Among other things, it does not even purport to map the Nutanix products to all elements of any asserted claim.

43. Nutanix asserts that it does not infringe or contribute to any infringement of any claim of the '466 patent either literally or under the doctrine of equivalents. Nutanix further asserts that it has not and does not induce any infringement of any claim of the '466 patent.

44. Therefore, there exists a substantial controversy between Nutanix and Uniloc, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Nutanix has not infringed any claim of the '466 patent.

45. An actual and justiciable controversy exists regarding the alleged infringement of the '466 patent by Nutanix. Nutanix accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '466 patent.

46. A judicial declaration is necessary and appropriate so that Nutanix may ascertain its rights regarding the '466 patent.

## FOURTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '766 Patent)**

47. Nutanix incorporates by reference its allegations contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

48. Uniloc alleges in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Tex.), that Nutanix infringes one or more claims of the '766 patent. Nutanix incorporates by reference the content of that Complaint, which is facially deficient, in that it fails to articulate a factual basis for Uniloc's infringement contentions. Among other things, it does not even purport to map the Nutanix products to all elements of any asserted claim.

49. Nutanix asserts that it does not infringe or contribute to any infringement of any claim of the '766 patent either literally or under the doctrine of equivalents. Nutanix further asserts that it has not and does not induce any infringement of any claim of the '766 patent.

50. Therefore, there exists a substantial controversy between Nutanix and Uniloc, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Nutanix has not infringed any claim of the '766 patent.

51. An actual and justiciable controversy exists regarding the alleged infringement of the '766 patent by Nutanix. Nutanix accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '766 patent.

52. A judicial declaration is necessary and appropriate so that Nutanix may ascertain its rights regarding the '766 patent.

## FIFTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '228 Patent)**

53. Nutanix incorporates by reference its allegations contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

54. Uniloc alleges in *Uniloc USA, Inc., et. al. v. Nutanix, Inc.*, Case No. 2:17-cv-00174-JRG (E.D. Tex.), that Nutanix infringes one or more claims of the '228 patent. Nutanix incorporates by reference the content of that Complaint, which is facially deficient, in that it fails to articulate a

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

factual basis for Uniloc's infringement contentions.  Among other things, it does not even purport to map the Nutanix products to all elements of any asserted claim.

55. Nutanix asserts that it does not infringe or contribute to any infringement of any claim of the '228 patent either literally or under the doctrine of equivalents.  Nutanix further asserts that it has not and does not induce any infringement of any claim of the '228 patent.

56. Therefore, there exists a substantial controversy between Nutanix and Uniloc, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Nutanix has not infringed any claim of the '228 patent.

57. An actual and justiciable controversy exists regarding the alleged infringement of the '228 patent by Nutanix.  Nutanix accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '228 patent.

58. A judicial declaration is necessary and appropriate so that Nutanix may ascertain its rights regarding the '228 patent.

## PRAYER FOR RELIEF

WHEREFORE, Nutanix prays for a declaratory judgment against Uniloc as follows:

A. A declaration that Nutanix's technology is not covered by any claim of the '578 patent and that Nutanix does not infringe any claim of the '578 patent;

B. A declaration that Nutanix's technology is not covered by any claim of the '293 patent and that Nutanix does not infringe any claim of the '293 patent;

C. A declaration that Nutanix's technology is not covered by any claim of the '466 patent and that Nutanix does not infringe any claim of the '466 patent;

D. A declaration that Nutanix's technology is not covered by any claim of the '766 patent and that Nutanix does not infringe any claim of the '766 patent;

E. A declaration that Nutanix's technology is not covered by any claim of the '228 patent and that Nutanix does not infringe any claim of the '228 patent;

F. A declaration that Nutanix's case against Uniloc is an exceptional case within the meaning of 35 U.S.C. § 285;

G. An award of costs and attorneys' fees to Nutanix; and

H. Such other and further relief as the Court deems just and reasonable.

**JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE**

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 3-6, Plaintiff Nutanix hereby demands a trial by jury of all issues triable before a jury.

Dated: June 2, 2017                                       Respectfully submitted,

                                                          FENWICK & WEST LLP

                                                          By: */s/ Charlene M. Morrow*
                                                              Charlene M. Morrow (CSB No. 136411)
                                                              cmorrow@fenwick.com
                                                              David L. Hayes (CSB No. 122894)
                                                              dhayes@fenwick.com
                                                              Attorneys for Plaintiff
                                                              NUTANIX, INC.

COMPLAINT FOR DECLARATORY JUDGMENT                   9                                    Case No.